ELDON L. SHOFFNER v. CITY OF RALEIGH

No. 7010SC192

(Filed 1 April 1970)

**1. Negligence § 1—  negligence defined**

    Negligence is the failure to exercise proper care in the performance of a legal duty which defendant owed the plaintiff under the circumstances surrounding them; the breach of duty may be by negligent act or negligent failure to act.

**2. Negligence § 5—　dangerous machinery — degree of care**

　　Persons having possession and control over dangerous substances, machinery, and instrumentalities are under a duty to use a high degree of care commensurate with the dangerous character of the article to prevent injury to others.

**3. Negligence § 8—　proximate cause**

　　For defendant's negligence to be actionable, it is necessary for the evidence to show that such negligence was a proximate cause of plaintiff's injury.

**4. Municipal Corporations § 14;　Negligence § 29— injury from salt spreader on municipal truck — sufficiency of evidence of negligence**

　　In this action for personal injuries received in an accident involving defendant municipality's dump truck, plaintiff's evidence was sufficient to require submission of the issue of defendant's negligence to the jury, where it tended to show that, during a heavy snow, plaintiff pushed a car from the road so that a municipal dump truck which was spreading salt could pass, that as plaintiff shut the door of the car he lost his footing and fell, that one of his fingers went into the chain and sprocket drive which was part of the salt spreader mechanism mounted on the dump truck; that plaintiff's finger was injured and part of the finger was later amputated, that when this type of salt spreader comes from the factory it is equipped with a metal hood that covers the chain and sprockets, and that there was no guard or metal hood covering the sprocket or chain drive mechanism when plaintiff was injured.

**5. Municipal Corporations § 14;　Negligence § 34— injury from salt spreader on municipal truck — contributory negligence**

　　In this action for personal injuries received when plaintiff slipped on snow and fell and his finger went into an uncovered chain drive which was part of a salt spreader mechanism on defendant municipality's dump truck, plaintiff's evidence does not establish contributory negligence as a matter of law where it tends to show that, prior to his injury, plaintiff was not aware of the salt spreader mechanism attached to the dump truck, since plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves.

APPEAL from *Bone, J.,* 27 October 1969 Session, WAKE Superior Court.

This is a civil action involving personal injuries to plaintiff. At the close of plaintiff's evidence, judgment of involuntary nonsuit was entered. Plaintiff appeals.

· Plaintiff's evidence tended to show the following:

On 9 February 1967, the date of the injury, plaintiff, a construction worker, was thirty-two years old, had never had any injuries to his right hand and his right hand was normal. That on 9 February 1967 plaintiff shut down his job early because it was snowing and

left in his pickup truck to go home. When he arrived at the Cabarrus Street and Western Boulevard intersection his lane of travel was blocked by cars stalled in the snow. It was then 5:00 p.m. with darkness rapidly approaching. There had been four or five inches of snow accumulation and it was still snowing. Plaintiff then pulled over, stopped, got out, and proceeded to help push some cars up the hill to get traffic moving so he could proceed to his home.

While plaintiff and a patrolman were trying to get the traffic moving, plaintiff noticed a city dump truck about half a block up Cabarrus Street. Assuming the truck was trying to spread salt or sand, plaintiff went down to the truck to get the driver to put something on the hill so the traffic on Western Boulevard could start moving.

While plaintiff was gone some cars had come down Western Boulevard on the wrong side of the street and had narrowed the roadway so the truck could not get through. One car was left abandoned in the road. Plaintiff opened a door of the abandoned car and proceeded to push the car off the hard surface so the truck could get through. When he finished he got out of the car and shut the door. As he shut the door he lost his footing and, in trying to regain his balance, he threw out his hands. At this time the truck had pulled up alongside the plaintiff and, as the plaintiff fell, the middle finger of his right hand went into the chain drive which was part of a mechanism attached to the back of the truck. Both plaintiff and the highway patrolman hollered "whoa" and the driver stopped the truck after plaintiff's finger had gone about halfway to the bottom of the chain drive. After the mechanism was stopped it was taken out of gear and then, using a tire tool, they backed it up so plaintiff's finger would be released.

At the time of the injury it was dark and plaintiff had not previously seen the mechanism attached to the tailgate of the truck. The stalled car plaintiff had pushed was headed in the same direction as the truck and, although plaintiff knew the truck was coming he did not know it was so close. The truck passed within four to five feet of the car. The chain mechanism was just above the bottom of the truck, about three and one half or four feet from the ground, and it protruded from the tailgate of the truck.

After the injury plaintiff attempted to drive his truck to the hospital but when he had traveled about one block he realized there was too much congestion so he abandoned his truck. He then used a handkerchief to put a tourniquet on his finger and proceeded to walk six or eight blocks to Dorothea Dix Hospital. At Dorothea Dix,

they cleaned his finger and, about nine thirty, plaintiff was carried to Rex Hospital where a doctor sewed the end of his finger back on his hand and put his finger in a cast. He then went home and returned to work the following Monday, the injury having occurred on a Thursday.

A month later the doctor determined that the tissue was not going to grow back and he then amputated part of the plaintiff's finger, resulting in a two centimeter shortening of the finger.

Mr. Paul Hughes, a general foreman for the City of Raleigh, testified concerning the salt spreader mechanism used on the truck at the time of the injury. The type with which this case is concerned is mounted on the tailgate of the truck and is gear driven by an auger which feeds the materials into the hopper where the blade turns to distribute it. It has a chain and sprocket drive driven by a power take-off which is mounted under the truck from the transmission. The truck engine turns the transmission and the power take-off is in turn run by the transmission. When this type of salt spreader comes from the factory it is equipped with a metal hood that covers the chain and sprockets. When the metal hood is attached the outside part of the mechanism is completely closed.

The evidence further disclosed that at the time of the injury to plaintiff there was no guard or metal hood covering the sprocket or chain drive mechanism.

The court determined that a prima facie case of negligence on the part of the defendant had not been made out and granted defendant's motion for involuntary nonsuit. Plaintiff appealed.

*John V. Hunter, III, for plaintiff-appellant.*

*Teague, Johnson, Patterson, Dilthey and Clay, by Robert M. Clay, for defendant-appellee.*

BROCK, J.

There are two questions raised by this appeal. First, does plaintiff's evidence, when considered in the light most favorable to him, make out a prima facie case of negligence on the part of the defendant? And second, does plaintiff's evidence establish that the plaintiff was contributorily negligent as a matter of law?

**[1-3]** "Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them. (Citation omitted.) The breach of duty may be by negligent act or a negligent failure to act.

(Citations omitted.)" *Dunning v. Warehouse Co.,* 272 N.C. 723, 158 S.E. 2d 893. And "[p]ersons having possession and control over dangerous substances, machinery, and instrumentalities are under a duty to use a high degree of care commensurate with the dangerous character of the article, to prevent injury to others." 6 Strong, N.C. Index 2d, Negligence, § 5, p. 10, 11. From the evidence in this case the jury would be justified in finding defendant negligent for failing to have the metal hood in place to cover the chain and sprocket mechanism. However, for defendant's negligence to be actionable, it is necessary for the evidence to show that such negligence was a proximate cause of plaintiff's injury.

> "Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed. (Citation omitted.) A proximate cause may involve an act or omission which does not immediately precede the injury or damage, and therefore, proximate cause and immediate cause are not synonymous. (Citation omitted.) There may be more than one proximate cause of an injury, and it is not required that the negligence of the defendant be the sole proximate cause of the injury or the last act of negligence in sequence of time in order to hold defendant liable therefor, it being sufficient if defendant's negligence is one of the proximate causes. (Citation omitted.) Although foreseeability of injury is an essential element of proximate cause (citation omitted), the test of such foreseeability does not require that the tort-feasor should have been able to foresee the injury in the precise form in which it occurred. All that the plaintiff is required to prove on the question of foreseeability, in determining proximate cause, is that in the exercise of reasonable care the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. (Citation omitted.)" *Grimes v. Gibert,* 6 N.C. App. 304, 170 S.E. 2d 65.

[4]  Applying these principles to the case at bar, plaintiff's evidence and the legitimate inferences therefrom is sufficient to justify, but not compel, the jury in finding defendant was negligent and that its negligence was a proximate cause of plaintiff's injury.

Defendant having pleaded plaintiff's contributory negligence, we now consider the second question raised by this appeal.

Plaintiff's evidence, being sufficient to require submission of the issue of defendant's negligence to the jury, the judgment of involuntary nonsuit must be reversed unless plaintiff's evidence discloses that he was guilty of contributory negligence as a matter of law. *Dunning v. Warehouse Co., supra.*

[5]     Plaintiff's evidence tends to show that, prior to his injury, he was not aware of the mechanism attached to the tailgate of the truck. The law does not require a person to shape his behaviour by circumstances of which he is justifiably ignorant and a plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves. *Clark v. Roberts,* 263 N.C. 336, 139 S.E. 2d 593. Had plaintiff slipped and fallen under the wheel of the truck, thereby sustaining injury, such may present a different case. But plaintiff's injury was due to his finger being caught in a chain and sprocket the existence of which he was unaware and which was not covered by the metal hood specifically designed to enclose the mechanism from the outside.

In our view plaintiff's evidence does not establish contributory negligence as a matter of law. The nonsuit was improvidently granted.

Reversed.

BRITT and GRAHAM, JJ., concur.