ADELAIDE M. KREMER AND HUSBAND, H. H. KREMER, PLAINTIFFS v. FOOD LION, INC., DEFENDANT

No. 9020SC597

(Filed 19 March 1991)

1. **Negligence § 57.5 (NCI3d)— slip and fall—grocery store— obstructed aisle—directed verdict for defendant denied**

    The trial court did not err by denying defendant's motions for a directed verdict and judgment n.o.v. in an action arising from plaintiff's fall in defendant's grocery store. Viewed in the light most favorable to plaintiff, defendant created a hazard and unnecessarily exposed customers to danger by leaving two bags of dog food protruding into the aisle next to an ice cream cooler; the store manager reprimanded the stock boy upon discovering the bags in that location; and the stock boy did not deny responsibility.

    **Am Jur 2d, Premises Liability § 551.**

    **Liability for injury to customer from object projecting into aisle or passageway in store. 26 ALR2d 675.**

2. **Evidence § 36 (NCI3d)— slip and fall—statements by store manager—admissible**

    Statements by a grocery store manager after a customer's fall were admissible in the subsequent negligence action as

a hearsay exception for admissions of the agent of a party opponent. N.C.G.S. § 8C-1, Rule 801(d)(D).

**Am Jur 2d, Evidence § 605.**

**3. Negligence § 58 (NCI3d)— slip and fall—grocery store—contributory negligence of customer—directed verdict denied**

The trial court did not err by denying defendant's motions for a directed verdict and judgment n.o.v. based on plaintiff's contributory negligence in an action arising from plaintiff's fall in defendant's grocery store where, viewing the evidence in the light most favorable to plaintiff, plaintiff walked along the left wall of defendant's store and turned to the left, toward the store front and an ice cream cooler; items were placed above the cooler designed to draw the attention of shoppers; dog food bags were at plaintiff's feet; after taking two steps, plaintiff fell over the dog food bags, which were protruding into the aisle; no other displays were in this five-foot area; and this evidence supports a finding that plaintiff acted prudently in looking ahead of herself and not at her feet.

**Am Jur 2d, Premises Liability §§ 795, 808.**

**4. Negligence § 57.5 (NCI3d)— slip and fall in grocery store—evidence sufficient—new trial on disregard of instructions and evidence—denied**

The trial court did not err by not setting aside a negligence verdict and ordering a new trial on the grounds of manifest disregard by the jury of the proper instructions of the court and insufficiency of the evidence to justify the verdict where there was sufficient evidence to support the verdict.

**Am Jur 2d, Evidence §§ 1080, 1163.**

**5. Damages § 178 (NCI4th)— slip and fall—damages—remittitur denied—no abuse of discretion**

The trial court did not abuse its discretion in a negligence action arising from plaintiff's fall in defendant's grocery store by failing to grant defendant's motion for remittitur on the grounds that the jury manifestly disregarded the court's proper jury instructions and that the evidence was insufficient as to damages. Plaintiff's injuries were substantial, requiring two operations on her hip; her recuperation was slow; and

she suffered a partial permanent disability in the use of her right leg.

**Am Jur 2d, Damages §§ 332-335.**

**Excessiveness or adequacy of damages awarded to injured person for injuries to trunk or torso. 12 ALR3d 117; 16 ALR4th 238.**

APPEAL by defendant from judgment entered 5 March 1990 in MOORE County Superior Court by *Judge C. Preston Cornelius.* Heard in the Court of Appeals 12 December 1990.

On 28 April 1986 plaintiff Adelaide Kremer entered defendant's grocery store in Aberdeen, North Carolina to purchase a few items. After selecting two tomatoes in the produce department located in the front right corner of the store, plaintiff carried the tomatoes in her hand and circled the perimeter of the store. Plaintiff walked along the left wall toward the front of the store. After deciding against purchasing beer displayed along the left wall, she turned toward the front of the store in the direction of the ice cream coolers five feet away in order to select ice cream. No displays, carts or other items were in this five foot space between the beer and ice cream coolers. After taking two steps, plaintiff fell over two 25 lb. bags of dog food located on the floor, according to her testimony, protruding 10 inches in front of the ice cream cooler. According to testimony at trial, a manager came to plaintiff's assistance and angrily told a stock boy that this was no way to make a display and to "[g]et those damn bags out of here."

Plaintiff suffered a fracture of the right hip requiring surgery and resulting in 20% permanent partial injury to her right leg. At trial the jury found defendant to be negligent and plaintiff not contributorily negligent and awarded plaintiff $90,000.00. Defendant moved for directed verdict and judgment notwithstanding the verdict pursuant to N.C. Gen. Stat. § 1A-1, Rule 50 and to set aside the verdict and order a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 on the grounds that the jury manifestly disregarded the proper jury instructions and insufficiency of the evidence to support the verdict. The trial court denied defendant's motions. Defendant appeals.

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by P. Wayne Robbins and Carol M. White, for plaintiffs-appellees.*

*Anderson, Broadfoot, Johnson & Pittman, by T. Alan Pittman, for defendant-appellant.*

WELLS, Judge.

[1] Defendant first assigns error to the trial court's denial of defendant's motions for directed verdict and judgment notwithstanding the verdict. The party moving for a directed verdict bears a heavy burden. *Taylor v. Walker*, 320 N.C. 729, 360 S.E.2d 796 (1987). The movant's burden is even heavier in cases such as the one before us in which the principal issues are negligence and contributory negligence. *Id.* Issues arising in negligence cases are ordinarily not susceptible to summary adjudication because application of the applicable standard of care is generally for the jury. *William v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979) (Citation omitted). A motion by a defendant for a directed verdict under N.C. Gen. Stat. § 1A-1, Rule 50(a) of the Rules of Civil Procedure tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977). On such a motion, the plaintiff's evidence must be taken as true and the evidence must be considered in the light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference to be drawn therefrom. *Id.* A directed verdict for the defendant is not properly allowed unless it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish. *Id.* (Citations omitted). A motion for judgment notwithstanding the verdict is essentially a renewal of a motion for directed verdict and the rules regarding the sufficiency of the evidence to go to the jury are equally applicable. *Taylor v. Walker, supra.*

The owner of a store is not an insurer of its customer's safety but is under a duty to exercise ordinary care in keeping the store's aisles and passageways reasonably safe so as not to unnecessarily expose customers to danger. *Rives v. Great Atlantic & Pacific Tea Co.*, 68 N.C. App. 594, 315 S.E.2d 724 (1984) (Citations omitted). Viewing the evidence in the light most favorable to plaintiff, defendant created a hazard and unnecessarily exposed customers to danger by leaving two bags of dog food protruding into the aisle next

KREMER v. FOOD LION, INC.

[102 N.C. App. 291 (1991)]

to the ice cream cooler. Plaintiff testified that the store manager reprimanded the stock boy upon discovering the bags in that location, saying, "You don't leave anything in an aisle protruding the way that was. That's not the way we put up a display. Get those damn bags out of here." Plaintiff also testified that the stock boy failed to deny responsibility. This evidence was sufficient to take the issue of defendant's negligence to the jury.

[2] Defendant further contends that the trial court erred by admitting the statements made by the store manager as being inadmissible hearsay. However, the manager's statements are admissible as an exception to the hearsay rule for admissions by a party opponent which include "statements by [a party's] agent or servant concerning a matter within the scope of his agency or employment made during the existence of his relationship." N.C. Gen. Stat. § 8C-1, Rule 801(d)(D) (1988).

[3] Defendant also contends that the trial court erred in denying defendant's motions for directed verdict and judgment notwithstanding the verdict because the evidence showed that plaintiff was contributorily negligent. Defendant is not entitled to a directed verdict or a judgment notwithstanding the verdict unless the evidence, viewed in the light most favorable to the plaintiff, shows contributory negligence as a matter of law. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E.2d 559 (1981). Although failure to discover an obvious defect will usually be considered contributory negligence as a matter of law, this general rule does not apply when circumstances divert the attention of an ordinarily prudent person from discovering an existing dangerous condition. *Id.* Our Supreme Court has stated that in such cases the issue of contributory negligence is not whether the reasonably prudent person would have seen the object had he looked, but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor. *Id.; See also Hicks v. Food Lion, Inc.*, 94 N.C. App. 85, 379 S.E.2d 677 (1989). Viewing the evidence in the light most favorable to the plaintiff, plaintiff walked along the left wall of defendant's store and after deciding against purchasing beer, she turned to the left in the direction of the ice cream cooler and store front. Evidence was offered that items were placed above the cooler designed to draw the attention of shoppers. The dog food bags were at her feet and after taking two steps she fell over the dog food bags protruding into the aisle. No other displays were in this five foot

area and this evidence supports a finding that plaintiff acted prudently in looking ahead of herself and not at her feet. The trial court properly denied defendant's motions for directed verdict and judgment notwithstanding the verdict.

**[4]** Defendant also assigns error to the trial court's failure to set aside the verdict and order a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 on the grounds of the manifest disregard by the jury of the proper instructions of the court and insufficiency of the evidence to justify the verdict. Having determined that sufficient evidence exists to support a verdict for plaintiff, we find no error in the trial court's failure to set aside the verdict.

**[5]** Defendant assigns error to the trial court's failure to grant defendant's motion for "remittitur" on the grounds that the jury manifestly disregarded the court's proper jury instructions and the insufficiency of the evidence to justify the verdict as to damages. Defendant contends the verdict is excessive and that the jury manifestly disregarded the trial court's instructions to the jury to refrain from basing their verdict on anger for the defendant or sympathy for the plaintiff. In his assignment of error and the discussion found in his brief, defendant fails to mention N.C. Gen. Stat. § 1A-1, Rule 59. Nevertheless, we address defendant's contention involving "remittitur" in the context of Rule 59. Rule 59 of the North Carolina Rules of Civil Procedure states "A new trial may be granted . . . [when] . . . (6) excessive or inadequate damages appear[ ] to have been given under the influence of passion or prejudice. . . ."

> [I]t is plain that a trial judge's *discretionary* order pursuant to G.S. [§] 1A-1, Rule 59 for or against a new trial upon *any* ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown. . . . [A]n appellate court should not disturb a discretionary Rule 59 motion unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a miscarriage of justice.

*Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982). Initially we note that defendant did not request that the trial court make findings of fact or enter conclusions of law on its motion. *See Andrews v. Peters*, 318 N.C. 133, 347 S.E.2d 409 (1986). Second, we note that defendant's brief only makes limited reference to the evidence on plaintiff's injuries and damages, at-

tempting to cast the evidence in a light favorable to defendant. Plaintiff's injuries were substantial, requiring two operations on her hip. Her recuperation was slow and she suffered a partial permanent disability in the use of her right leg. On this record, we can find no abuse of discretion in the trial court's ruling.

No error.

Chief Judge HEDRICK and Judge ORR concur.