LYNWOOD E. SMITH, Plaintiff-Appellant v. FRED MOODY AND JOHNNIE L.
MOODY, Defendants-Appellees

No. COA95-1257

(Filed 15 October 1996)

### 1. Appeal and Error § 209 (NCI4th)— IRS sale of property— action to quiet title—notice of appeal—from directed verdict rather than summary judgment—jurisdictional

Plaintiff's attempted appeal of summary judgment for defend-
ants as to personal property was dismissed in an action to quiet
title arising from an IRS sale of property where plaintiff had des-
ignated in his notice of appeal a directed verdict as the order from
which appeal was being taken. Appellate Rule 3(d) requires that
a party specify the judgment or order from which appeal is taken
and Appellate Rule 3 is jurisdictional. Even if the issue is properly
raised, the trial court's ruling that the IRS sale was in accordance
with the law would be upheld.

**Am Jur 2d, Appellate Review §§ 325 et seq.**

### 2. Taxation § 178 (NCI4th)— IRS tax sale—notice and sale sufficient

The trial court correctly ruled that the IRS properly served
plaintiff with notice of seizure of his real property where plaintiff
admitted at trial that a revenue officer personally served him with
notice. Also, both parties agree that a revenue officer posted a
notice of sale on the side of plaintiff's repair shop and plaintiff

admits that, even though he no longer conducted business at the shop, he went to the shop and saw the notice. Finally, although the public notice advertised that the sale would be conducted on the front steps of the courthouse and the sale was moved just a few feet inside the building because of inclement weather, a revenue officer waited outside for approximately twenty minutes to ensure that interested bidders would know of the new location. The trial court correctly ruled that the sale was substantially in compliance with the statute.

**Am Jur 2d, Taxation §§ 869, 873.**

Appeal by Plaintiff from Judgment entered 29 June 1995 by Judge James D. Llewellyn in Lenoir County Superior Court. Heard in the Court of Appeals 26 August 1996.

Lynwood Smith, *Plaintiff-Appellant, pro se.*

*James S. Perry and David F. Turlington for Defendants-Appellees.*

WYNN, Judge.

Plaintiff Lynwood Smith failed to pay approximately $60,000 in federal taxes for 1984 through 1991. In December 1991, Internal Revenue Officer Teresa Richardson personally served plaintiff with a notice of seizure as to the real and personal property that made up plaintiff's truck repair business. The shop was padlocked and plaintiff was forced to cease operations. In February 1992, Internal Revenue Officer Teresa Varnell posted a notice of sale on the side of the repair shop in plain view. She also mailed plaintiff a copy by regular and certified mail. Officer Varnell testified that she chose not to personally serve plaintiff because she knew him to be a tax protestor and feared for her safety.

On 25 February 1992, Officer Varnell conducted a sealed bid sale of plaintiff's property at the Lenoir County Courthouse. The public notice published in the newspaper advertised that the sale would take place on the front steps of the courthouse at 11:00 a.m. However, due to the cold weather, Officer Varnell conducted the sale in a room a few feet inside the courthouse. Officer Varnell testified that she waited on the front steps of the courthouse from 10:45 a.m. until 11:05 a.m. for potential purchasers. Defendants Fred and Johnnie Moody were the successful bidders at the tax sale. Officer Varnell

SMITH v. MOODY

[124 N.C. App. 203 (1996)]

explained to plaintiff the process through which he could redeem his property within 180 days. Plaintiff failed to do so and thereafter, Officer Varnell prepared a certificate of sale and a deed of real estate naming defendants as the purchasers of plaintiff's real and personal property.

In September 1992, plaintiff sued defendants to quiet title to the truck repair shop alleging that the Internal Revenue Service ("IRS"), through its agents, failed to strictly comply with the seizure and sale provisions contained in Title 26 of the United States Code. In March 1994, both parties moved for summary judgment. The trial court granted defendants' motion for summary judgment but only as it pertained to plaintiff's <u>personal</u> property. As per the summary judgment order, the only issue at trial was the sufficiency of the notices of sale and seizure pertaining to the real property. On 24 April 1995, the trial court granted defendants' motion for a directed verdict at the close of all the evidence. From this order, plaintiff appeals.

---

The issues on appeal are: (I) Whether the trial court erred in ruling that the IRS' certificate of sale was conclusive evidence that the seizure and sale of plaintiff's personal property was in accordance with the law; and (II) Whether the trial court erred in ruling that the IRS' seizure and sale of plaintiff's real property complied with federal regulations.

We note at the outset that defendants attempted to remove this suit to federal court; however, the Fourth Circuit Court of Appeals, in an unpublished decision, ordered the district court to remand the case to state court pursuant to 26 U.S.C. § 1447(c), declaring that plaintiff's claim was "strictly a state law claim to quiet title." Notwithstanding that court's determination, resolution of this matter requires the application of *federal* law.

A motion for a directed verdict presents the same question for both trial and appellate courts: Whether the evidence, taken in the light most favorable to the nonmovant, is sufficient for submission to the jury. *Alston v. Herrick*, 76 N.C. App. 246, 332 S.E.2d 720 (1985), *aff'd*, 315 N.C. 386, 337 S.E.2d 851 (1986). "A directed verdict for the defendant is not properly allowed unless it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Kremer v. Food Lion, Inc.*, 102 N.C. App. 291, 294, 401 S.E.2d 837, 838 (1991) (citation omitted).

SMITH v. MOODY

[124 N.C. App. 203 (1996)]

I.

**[1]** In his first assignment of error, plaintiff challenges the trial court's decision to grant defendants' motion for summary judgment regarding the sale of his personal property. Yet, in his notice of appeal, plaintiff only designates the directed verdict as the order from which appeal is being taken. Appellate Rule 3(d) requires that a party specify the judgment or order from which appeal is taken. "Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed." *Currin-Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, 683, *appeal dismissed and cert. denied*, 327 N.C. 633, 399 S.E.2d 326 (1990) (citing *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E.2d 46 (1976)). Therefore, we dismiss plaintiff's attempted appeal of the personal property issue. Even if the issue was properly before us, we would still uphold the trial court's ruling that the IRS' sale of plaintiff's personal property was in accordance with the law. *See* 26 U.S.C. § 6339(a) (1954) (certificate of sale is conclusive evidence of regularity of proceedings).

II.

**[2]** Plaintiff next contends that the trial court erred in granting a directed verdict in defendants' favor on the grounds that the IRS' seizure and sale of plaintiff's real property complied with the provisions of 26 U.S.C. § 6335. We disagree.

Section 6335 of the Internal Revenue Code provides that a revenue officer is required to (1) personally serve a notice of seizure on the owner of the real property, or (2) leave the notice at the owner's home or usual place of business if he has such within the internal revenue district where the seizure is made. 26 U.S.C. § 6335(a) (1954).

At trial, plaintiff admitted that Revenue Officer Richardson personally served him with a notice of seizure on 6 December 1991. Therefore, we affirm the trial court's ruling that the IRS properly served plaintiff with the notice of seizure as to his real property.

Plaintiff also alleges that the IRS violated Section 6335 in its service of the notice of sale. We disagree.

Just as with a notice of seizure, the IRS has the option of personally serving a notice of sale or leaving it at the property owner's home or usual place of business. *See* 26 U.S.C. § 6335(b) (1954). In the instant case, both parties agree that Revenue Officer Varnell posted

the notice of sale on the side of plaintiff's repair shop. Plaintiff contends that since he no longer conducted business at the shop, he should have been personally served with the notice. However, plaintiff admits that he went to the shop and saw the notice of sale. Since plaintiff received the notice in a manner prescribed by the law, we affirm the trial court's ruling that the IRS properly served him with the notice of sale.

The plaintiff's final contention is that the trial court should not have granted defendants' motion for directed verdict because the sale of his property was not in compliance with 26 C.F.R. § 301.6335-1(c)(1) (1991), which provides in pertinent part: "The sale shall be held at the time and place stated in the notice of sale." We disagree.

26 U.S.C. § 6339(b)(2) (1954) provides that:

"[i]f the proceedings of the Secretary as set forth have been *substantially in accordance* with the provisions of law, such deed [of sale] shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real property thus sold . . ."

(emphasis added).

Although the public notice advertised that the sale would be conducted on the *front steps* of the courthouse, the sale was moved just a few feet inside the building because of the inclement weather. In addition, Officer Varnell waited outside for approximately twenty minutes to ensure that interested bidders would know of the new location. Therefore, the trial court was correct in ruling that the sale was substantially in compliance with the statute.

For the foregoing reasons, the judgment of the trial court granting defendants' motion for directed verdict is,

Affirmed.

Judges JOHNSON and LEWIS concur.