ELMER SHERMAN WEBB, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

No. COA06-92

(Filed 5 December 2006)

**Tort Claims Act— contributory—negligence—shortcut across planting bed**

 The Industrial Commission correctly held that a Tort Claims plaintiff was barred by contributory negligence where plaintiff chose a direct route across grass and through a shrub bed covered with pine straw at a rest area rather than using a clear sidewalk, tripped on a metal border under the pine straw, and fell on the sidewalk.

Appeal by plaintiff from decision and order entered 13 October 2005 by Commissioner Laura Kranifeld Mavretic for the Full Commission. Heard in the Court of Appeals 18 September 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Laura J. Gendy, for the defendant-appellant.*

*Sarah Ellerbe for the plaintiff-appellee.*

ELMORE, Judge.

Elmer Sherman Webb (plaintiff) and his wife stopped at the southbound I-95 rest area near Selma, North Carolina, on 30 December 1999. While Mrs. Webb was in the restroom, plaintiff exited the car to purchase a newspaper. Plaintiff observed that there was a sidewalk that led to the newspaper kiosk, but that a more direct route could be taken across some grass and a shrub bed covered in pine straw. Plaintiff chose the more direct route. When nearing the newspaper kiosk, plaintiff stepped from the grass onto the pine straw. The pine straw obscured metal landscape edging that bordered the shrub

bed. Plaintiff's foot became caught between the metal border, out of view beneath the pine straw, and the concrete sidewalk. Plaintiff lost his balance and fell, landing on the sidewalk and fracturing his left knee and left elbow. Plaintiff's injuries required medical treatment and rehabilitation over approximately six months.

At the time of the injury, the North Carolina Department of Transportation (defendant) contracted with a landscaper to perform weekly routine landscaping maintenance duties at the rest stop. These duties included mulching and putting pine straw in the shrub beds, as well as mowing and edging the grass. Defendant inspected the rest areas two to three times per week for cleanliness, plumbing problems, vandalism, and ground maintenance, including potential safety hazards. It was routine maintenance practice to keep pine straw and grass edged away from the metal border.

Plaintiff sued defendant for negligence under the Tort Claims Act. N.C. Gen. Stat. § 143-291 *et seq.* (2005). Defendant raised the defense of contributory negligence. A deputy commissioner for the North Carolina Industrial Commission (Commission) found that plaintiff failed to prove negligence and that plaintiff was contributorily negligent by choosing to walk on the grass and pine straw. The deputy commissioner denied plaintiff's claim. Plaintiff timely appealed to the Full Commission, and on 13 October 2005, the Full Commission determined that defendant was negligent in creating the condition that caused plaintiff's injury, but also determined that plaintiff was barred from any relief by his own contributory negligence.

The standard of review for an appeal from a decision by the Full Commission under the Torts Claims Act "shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." N.C. Gen. Stat. § 143-293 (2005). "As long as there is competent evidence in support of the Commission's decision, it does not matter that there is evidence supporting a contrary finding." *Simmons v. Columbus County Bd. of Educ.*, 171 N.C. App. 725, 728, 615 S.E.2d 69, 72 (2005). "The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). "[W]hen considering an appeal from the Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether

the Commission's findings of fact justify its conclusions of law and decision." *Simmons v. N.C. Dept. of Transportation*, 128 N.C. App. 402, 405-06, 496 S.E.2d 790, 793 (1998). Thus, we will first review the record to determine whether competent evidence exists to support the finding of the Full Commission that plaintiff was contributorily negligent.

Plaintiff appeals from the Full Commission's decision on the grounds that the Full Commission erred in finding plaintiff contributorily negligent because there was no evidence that plaintiff could reasonably have appreciated the danger he was in while walking across the premises of the rest stop. We disagree.

The Full Commission made, in part, the following two findings:

3. Plaintiff testified that he did not use the paved sidewalk and chose the shortest route to the newspaper kiosk because of his arthritis of the spine. After crossing the grass and before stepping onto the sidewalk to reach the newspaper machine, plaintiff stepped directly on the pine straw instead of on the clear, paved concrete walkway because, although he looked at the shrubbery bed and saw the pine straw, it appeared "benign."

. . .

8. Plaintiff was negligent in that he failed to adequately observe the area where he was walking and failed to exercise ordinary care when he stepped into an area that was a landscaped section for shrubs and other plants and that was clearly not a walkway. Plaintiff had a clear, safe route of travel if he walked on the sidewalk. Plaintiff could see the shrub bed, which was bordered by grass on one side and a sidewalk on the other. Given the choice of walking on the sidewalk or stepping into the landscaped shrub bed, plaintiff failed to exercise ordinary care when he stepped into the landscaped bed, and his decision to ignore the safe route constitutes contributory negligence. Even though the edging was covered by the pine straw, it was apparent that pine straw was not a surface intended for foot travel, and, therefore, it was unreasonable for plaintiff to walk on the shrub bed when a clear sidewalk was available specifically for the purpose of pedestrian travel.

There was competent evidence in the record that supported these findings of fact. Plaintiff admitted to observing the sidewalk route to the newspaper machine, but deliberately choosing the path

through the shrubbery. He also admitted to observing the pine straw and to stepping on it, rather than a plant, because he gardened and was familiar with plants. This court has held that reasonably drawn inferences are permissible, *Norman v. N.C. Dept. of Transportation*, 161 N.C. App. 211, 224, 558 S.E.2d 42, 51 (2003), and it is reasonable for the Full Commission to infer that plaintiff knew the shrubbery beds were not intended for foot travel and that the clear sidewalk would have been a more prudent choice.

The second question is whether these findings of fact support the Full Commission's legal conclusion that plaintiff is barred from recovery by his contributory negligence. Plaintiff argues that to be contributorily negligent he must have been able to "appreciate that his conduct [put] him at some sort of likelihood for risk," and that no "ordinary, reasonable person in his position would have antici- pated that under the pine straw lurked metal landscaping borders." Plaintiff is correct in that this court has held that plaintiff "cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the dan- ger of injury which his conduct involves." *Shoffner v. Raleigh*, 7 N.C. App. 468, 473, 173 S.E.2d 7, 10 (1970). However, it was no stretch for the Full Commission to conclude that plaintiff should have had con- structive, if not actual, knowledge that deviating from an intended walking path into pine straw brings with it some danger of injury. "[O]ne who has capacity to understand and avoid a known danger and fails to take advantage of that opportunity, and injury results, . . . is chargable with contributory" negligence. *Presnell v. Payne*, 272 N.C. 11, 13, 157 S.E.2d 601, 602 (1967). Here, plaintiff clearly had the capacity to understand that his shortcut carried a safety risk. "Prudence, rather than convenience, should have motivated the plain- tiff's choice." *Rockett v. Asheville*, 6 N.C. App. 529, 533, 170 S.E.2d 619, 621 (1969).

This Court finds that there was competent evidence for the Full Commission's findings of fact and that the findings of fact support the Full Commission's conclusions of law. Thus, the Full Commission's decision and order is affirmed.

Affirmed.

Chief Judge MARTIN and Judge JACKSON concur.