ELMORE, Judge.
 

 *168
 
 Plaintiff Basma Khatib appeals a decision and order of the North Carolina Industrial Commission denying her negligence claim against the North Carolina Department of Transportation ("NCDOT"). Khatib sustained injuries after she admittedly deviated from a pedestrian crosswalk to cut across a grass median and stepped into an uncovered storm drain, falling five feet underground. She sued the NCDOT in the
 
 *169
 
 Industrial Commission under the Tort Claims Act,
 
 see
 

 N.C. Gen. Stat. § 143-293
 
 , alleging that the NCDOT negligently failed to inspect and maintain the storm drain because when she fell into it, the grate normally covering the storm drain had been removed and was lying a few feet away. The Commission denied Khatib's claim in relevant part because it concluded she was contributorily negligent "when she chose to deviate from the marked crosswalk and run across the grassy median without keeping a proper lookout."
 

 On appeal, Khatib contends the Commission erred by finding and concluding (1) the NCDOT owed her no duty to exercise reasonable care in maintaining its storm drain; (2) the NCDOT did not negligently breach this duty; and (3) Khatib's claim was barred by contributory negligence. Because we hold the Commission's challenged findings were supported by competent evidence, which in turn supported its conclusion that Khatib's claim was barred by her own contributory negligence, we affirm the Commission's decision and order on this basis.
 

 I. Background
 

 On 26 June 2011, Khatib's husband dropped her off to go for a jog near Centennial Parkway in Raleigh. At that time, Entrepreneur Drive formed a T-intersection with Centennial Parkway, and all four directions contained a pedestrian crosswalk that covered the entire square of the intersection. To the west, Entrepreneur Drive's four driving lanes dead-ended a few car lengths from the intersection, providing just enough space for cars to park, and those four lanes were center divided by a curbed grass median. The grass median extended east beyond the crosswalk, at which point it became a sidewalk that connected the two segments of crosswalk. A storm drain lie on the road adjacent to the northward facing curb of the grass median, a few feet west of the crosswalk. For reasons unknown, and first discovered by the NCDOT when it learned of Khatib's fall, the grate normally covering that storm drain had been removed and was lying a few feet away.
 

 At approximately 8:00 p.m., Khatib called her husband to pick her up. Khatib continued jogging northbound on Centennial Drive's sidewalk as her husband, who had been driving southbound on Centennial Drive, pulled his car nose first into the northernmost lane of the westbound dead-end segment of Entrepreneur Drive and parked to wait for her. When Khatib saw her husband's vehicle, she chose not to follow the pedestrian crosswalk path behind the car to enter its passenger-side door but instead cut across the grass median to pass by the front of the car. Unfortunately, when Khatib stepped off the grass median's curb, she
 
 *170
 
 stepped into the uncovered storm drain, fell approximately five feet, and sustained injuries.
 

 Khatib sued the NCDOT under the Tort Claims Act for negligence. After a deputy commissioner dismissed her claim with prejudice based, in relevant part, on his conclusion that Khatib's claim was barred by her own contributory negligence, Khatib appealed to the Full Commission. After a hearing, the Commission entered a decision and order on 23 August 2017 affirming the deputy commissioner's
 
 *113
 
 decision, thereby denying Khatib's negligence claim against the NCDOT. In relevant part, the Commission found "[t]he hole [caused by the uncovered storm drain in which Khatib fell] was visible to anyone approaching, so long as they were keeping a proper lookout[,]" and Khatib's "failure to use the designated crosswalk and failure to pay attention to her surroundings, including the conditions of her path, when crossing the median were the proximate cause of plaintiff's fall and were not reasonable considering the circumstances." The Commission thus concluded that Khatib "failed to exercise the standard of care that a person of ordinary prudence would demonstrate when she chose to deviate from the marked crosswalk and run across the grassy median without keeping a proper lookout" and, therefore, that she was "barred from recovery under the Tort Claims Act on the basis of contributory negligence." Khatib appeals.
 

 II. Analysis
 

 On appeal, Khatib asserts the Commission erred by not (1) concluding the NCDOT owed her a duty to exercise reasonable care in maintaining its storm drain; (2) finding and concluding that the NCDOT's negligence caused her injuries; and (3) finding and concluding Khatib had not been contributorily negligent. Because we conclude the Commission's findings supported its conclusion that Khatib's claim was barred by contributory negligence, we affirm the Commission's decision and order on this basis and need not address the first two issues presented on appeal.
 
 Cf.
 

 State v. Blackwell
 
 ,
 
 246 N.C. 642
 
 , 644,
 
 99 S.E.2d 867
 
 , 869 (1957) ("[A] correct decision of a lower court will not be disturbed because a wrong or insufficient or superfluous reason is assigned." (citation omitted) ).
 

 A. Review Standard
 

 "The standard of review for an appeal from a decision by the Full Commission under the Tort[ ] Claims Act 'shall be for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them.' "
 

 *171
 

 Webb v. N.C. Dep't of Transp.
 
 ,
 
 180 N.C. App. 466
 
 , 467,
 
 637 S.E.2d 304
 
 , 305 (2006) (quoting
 
 N.C. Gen. Stat. § 143-293
 
 (2005) ). "[W]hen considering an appeal from the Full Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Full Commission's findings of fact justify its conclusions of law and decision."
 

 Id.
 

 at 467-68
 
 ,
 
 637 S.E.2d at 305
 
 (brackets omitted) (quoting
 
 Simmons v. N.C. Dep't. of Transp.
 
 ,
 
 128 N.C. App. 402
 
 , 405-06,
 
 496 S.E.2d 790
 
 , 793 (1998) ).
 

 B. Contributory Negligence
 

 Khatib asserts the Commission erred "when it failed to find as fact and conclude as a matter of law ... that [she] was not guilty of contributory negligence." Khatib also contends the Commission's findings numbered 5, 7, and 8, as well as its legal conclusion numbered 11, which Khatib argues is actually a finding, were not supported by competent evidence. We disagree.
 

 Contributory negligence is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains. In order to prove contributory negligence on the part of a plaintiff, the defendant must demonstrate: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury. However, a plaintiff may relieve the defendant of the burden of showing contributory negligence when it appears from the plaintiff's own evidence that he was contributorily negligent.
 

 Proffitt v. Gosnell
 
 , --- N.C. App. ----, ----,
 
 809 S.E.2d 200
 
 , 204 (2017) (citations, quotation marks, and brackets omitted).
 

 The Commission made the following challenged findings and conclusion to support its determination that Khatib's claim was barred by contributory negligence:
 

 5. Plaintiff saw her husband's vehicle and jogged toward[s] it. Plaintiff was running on the sidewalk then cut through the grass median away from the crosswalk and toward[s] the front of the vehicle. When she reached the curb of the median and
 
 *114
 
 stepped down, plaintiff fell into the uncovered storm drain, approximately five feet to the bottom.
 
 *172
 
 7. [sic] According to plaintiff, at the time of the incident it was not dark, the weather was nice, and she "could see perfectly well." Plaintiff was focused on looking at her husband's vehicle. She was not looking at the sidewalk, the conditions of her chosen path of travel, or the terrain in front of her. The hole was visible to anyone approaching, so long as they were keeping a proper lookout.
 

 8. [sic] Plaintiff testified that she did not use the designated crosswalk to get to the vehicle even though access to the crosswalk was available. ... [P]laintiff's failure to use the designated crosswalk and failure to pay attention to her surroundings, including the conditions of her path, when crossing the median were the proximate cause of plaintiff's fall and were not reasonable considering the circumstances. Based on the preponderance of the evidence, plaintiff was contributorily negligent in causing the fall into the storm drain.
 

 ....
 

 11.... [P]laintiff failed to exercise the standard of care that a person of ordinary prudence would demonstrate when she chose to deviate from the marked crosswalk and run across the grassy median without keeping a proper lookout. Accordingly, the Commission concludes that plaintiff is barred from recovery under the Tort Claims Act on the basis of contributory negligence.
 

 However, as Khatib has failed to specifically argue how these findings were unsupported by record evidence, she has abandoned her purported evidentiary challenge to these findings.
 
 See
 
 N.C. R. App. P. 28(b)(6). Nonetheless, despite Khatib not mounting a proper substantial evidence challenge to the Commission's findings, our review reveals these findings were adequately supported by the record.
 

 According to Khatib's own testimony, when her husband arrived to pick her up, it "wasn't dark," "[t]he weather was nice[,] and [she] could see perfectly well." When Khatib saw her husband's car arrive, she was looking "toward[ ] the car" and "could see [her husband] and ... children," but could not see "anything else in front of [her]," including the "sidewalk." Khatib confirmed that "at the time [she was] approaching [her] husband's vehicle [she] was looking at him and [her] children" and was "not looking down at [her] feet" to see where she was walking. Khatib also confirmed that, rather than following the pedestrian-crosswalk path
 
 *173
 
 behind the car in order to get to the passenger-side door, she cut through the grass median outside of the crosswalk path to pass in front of the car. Having concluded the evidentiary portions of these findings were supported by the record, we turn to whether these findings supported the Commission's conclusion that Khatib's claim was barred by her own contributory negligence.
 

 In her brief, Khatib concedes that, as she "was in the process of being reunited with her family at the conclusion of her exercise, she saw the family vehicle, [her husband], and her children and
 
 was briefly distracted from watching where she was going
 
 ." (Emphasis added.) Nonetheless, she relies on
 
 Kremer v. Food Lion, Inc.
 
 ,
 
 102 N.C. App. 291
 
 , 295,
 
 401 S.E.2d 837
 
 , 839 (1991) ("Although failure to discover an obvious defect will usually be considered contributory negligence as a matter of law, this general rule does not apply when circumstances divert the attention of an ordinarily prudent person from discovering an existing dangerous condition." (citation omitted) ), to support her argument that "competent and substantial evidence mandates a finding of fact that [she] was not guilty of contributory negligence inasmuch as her attention was understandably diverted while she was exercising and it would have been likewise nearly impossible for her to see the uncovered inlet until she was directly on top of it."
 
 Kremer
 
 is distinguishable because the evidence there showed the plaintiff was walking down a grocery-store aisle intended for customer foot traffic, and Food Lion had placed items above the aisle intended to draw customer attention. After taking two steps into the aisle, the plaintiff fell over misplaced dog food bags.
 
 Id.
 
 at 296,
 
 401 S.E.2d at 839
 
 . Here, contrarily,
 
 *115
 
 the evidence showed Khatib cut across a grass median outside the designated pedestrian-crosswalk path, and no circumstances attributable to the NCDOT's conduct distracted Khatib's attention.
 
 Webb
 
 controls this case.
 

 In
 
 Webb
 
 , the plaintiff stopped his car at a rest area to purchase a newspaper.
 
 180 N.C. App. at 466
 
 ,
 
 637 S.E.2d at 305
 
 . Although he saw a sidewalk for pedestrian travel that led to the newspaper kiosk, the plaintiff chose a more direct path across the grass and through a shrub bed covered in pine straw, where he was injured after tripping over a hidden metal protrusion.
 
 Id.
 
 at 466-67,
 
 637 S.E.2d at 305
 
 . As here, the plaintiff sued the NCDOT for alleged negligence in failure to maintain the grounds, and the Commission concluded his claim was barred by contributory negligence.
 
 Id.
 
 at 467,
 
 637 S.E.2d at 305
 
 . On appeal, we affirmed, determining the findings supported an inference that the plaintiff "should have had constructive, if not actual, knowledge that deviating from an intended walking path into pine straw brings with it some
 
 *174
 
 danger of injury."
 
 Id.
 
 at 469,
 
 637 S.E.2d at 306
 
 . We determined the "plaintiff clearly had the capacity to understand that his shortcut carried a safety risk[,]" and affirmed the Commission's decision to deny the claim based on the plaintiff's contributory negligence in deviating from the sidewalk.
 

 Id.
 

 Here, as in
 
 Webb
 
 , the Commission's findings support a conclusion that Khatib should have known that deviating from the intended pedestrian-crosswalk path onto the grass median carried some danger of injury, and that her shortcut carried a safety risk. Further, the findings establish, and Khatib conceded below and on appeal, that she was distracted by her family and not looking where she was walking. Accordingly, we hold the Commission's findings support its conclusion that Khatib's claim was barred by her own contributory negligence, and affirm its decision and order.
 

 III. Conclusion
 

 The Commission's relevant challenged findings were supported by the record, which in turn supported its challenged conclusion that Khatib's claim against the NCDOT was barred by her contributory negligence in deviating from the crosswalk path to cut through the grass median and failing to keep a proper lookout where she was walking. Accordingly, we affirm the Commission's decision and order denying Khatib's claim on the basis of contributory negligence.
 

 AFFIRMED.
 

 Judges HUNTER, JR. and ZACHARY concur.