CYNTHIA STALLINGS, PLAINTIFF v. FOOD LION, INC., DEFENDANT

No. COA99-1592

(Filed 19 December 2000)

## 1. Civil Procedure— slip and fall—directed verdict granted—procedural error

The trial court's order granting directed verdict in favor of defendant store in a slip and fall case must be reversed based on a procedural error, because: (1) if a defendant offers evidence after making a motion for directed verdict, any subsequent ruling by the trial judge upon defendant's motion for directed verdict must be upon a renewal of the motion by defendant at the close of all evidence, and the judge's ruling must be based upon the evidence of both plaintiff and defendant; and (2) in this case, defendant moved for directed verdict at the close of plaintiff's evidence, the trial court reserved its ruling on the motion and defendant proceeded to offer evidence, and defendant renewed its motion for directed verdict before resting its case and the trial court granted that motion.

## 2. Premises Liability— slip and fall—directed verdict—negligence—contributory negligence—sufficiency of evidence

The trial court erred in a slip and fall case by granting directed verdict under N.C.G.S. § 1A-1, Rule 50 in favor of defendant store, because: (1) in regard to plaintiff's case of negligence, the record reveals that there are factual questions as to whether defendant properly warned plaintiff about the dangerous condition it had created when it mopped the floor in the produce section; and (2) in regard to defendant's claim of contributory negligence, there was controverted evidence regarding whether plaintiff actually saw or should have seen the warning sign in the exercise of ordinary care.

STALLINGS v. FOOD LION, INC.

[141 N.C. App. 135 (2000)]

Appeal by plaintiff from judgment entered 23 July 1999 by Judge Wiley F. Bowen in Superior Court, Wake County. Heard in the Court of Appeals 7 November 2000.

*Jones Martin Parris & Tessener Law Offices P.L.L.C., by Hoyt G. Tessener, for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by Keith H. Johnson, for defendant-appellee.*

WYNN, Judge.

While Cynthia Stallings shopped at a Food Lion, Inc. store on 2 April 1997, a store employee mopped the floor in the produce section. The mopper cleaned an area between two tables, then set down a yellow "wet floor" cone between the two tables. He then began to mop on the other side of the far table, leaving his bucket next to a pole and display, away from the area already mopped.

As Ms. Stallings approached the produce section, she stopped at the corner of the first table to pick up some apples. She then walked past the area between the tables that had just been mopped—the yellow cone was several feet away. As soon as she rounded the corner of the second table she slipped and fell, injuring her shoulder. A surveillance camera recorded the entire event, and employees of Food Lion wrote a report and took photographs of the accident scene.

This appeal arises from Ms. Stallings' action alleging that Food Lion negligently created the dangerous condition on the floor and failed to warn her about the danger. Food Lion answered and asserted the defense of contributory negligence.

At the close of Ms. Stallings' evidence, Food Lion moved for directed verdict. The trial court reserved ruling on the motion and Food Lion proceeded with its case. Before resting its case, Food Lion sought permission to renew its motion for directed verdict. The trial court granted this motion and Ms. Stallings appealed to this Court.

[1] Before addressing the merits of this appeal, we note a procedural error that provides an alternate basis for reversing the trial court's order. A defendant may move for a directed verdict at the close of the plaintiff's evidence. N.C.R. Civ. P. 50(a). When a motion is made for directed verdict at the close of the plaintiff's evidence, the trial court may either rule on the motion or reserve its ruling on the motion.

**STALLINGS v. FOOD LION, INC.**

[141 N.C. App. 135 (2000)]

*Overman v. Gibson Products Co.*, 30 N.C. App. 516, 519-20, 227 S.E.2d 159, 161-62 (1976). By offering evidence, however, a defendant waives its motion for directed verdict made at the close of plaintiff's evidence. *Id.* at 518, 227 S.E.2d at 161. Accordingly, if a defendant offers evidence after making a motion for directed verdict, "any subsequent ruling by the trial judge upon defendant's motion for directed verdict must be upon a renewal of the motion by the defendant at the close of all the evidence, and the judge's ruling must be based upon the evidence of both plaintiff and defendant." *Id.* at 520, 227 S.E.2d 162.

In this case, Food Lion moved for directed verdict at the close of Ms. Stallings' evidence. The trial court reserved its ruling on the motion and Food Lion proceeded to offer evidence. Before resting its case, Food Lion renewed its motion for directed verdict and the trial court granted that motion. As in *Overman*, this procedural error requires reversal of the trial court's order granting directed verdict in favor of Food Lion. *See id.* at 521, 227 S.E.2d at 162.

[2] Alternatively, we agree with Ms. Stallings that the grant of directed verdict was improper since there were unresolved issues that should have been decided by a jury.

A store has a duty to exercise ordinary care to keep its premises in a reasonably safe condition and to warn of any hidden dangers of which it knew of should have known. *See, e.g., Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Failure to do so constitutes negligence. *See Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992). "Reasonable persons are assumed, absent a diversion or distraction, to be vigilant in the avoidance of injury in the face of a known and obvious danger." *Id.* at 66, 414 S.E.2d at 344. A person who can understand and avoid a known danger but fails to do so is chargeable with contributory negligence. *See Presnell v. Payne*, 272 N.C. 11, 13, 157 S.E.2d 601, 602 (1967). The test for contributory negligence is whether a person using ordinary care for his or her safety under similar circumstances would have recognized the danger. *See Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981).

A motion for directed verdict under N.C.R. Civ. P. 50 presents the question of "whether the evidence, when considered in the light most favorable to the plaintiff, was sufficient for submission to the jury." *See Smith v. Wal-Mart Stores, Inc.*, 128 N.C. App. 282, 285, 495 S.E.2d 149, 151 (1998) (quoting *Kelly v. International Harvester Co.*, 278

N.C. 153, 157, 179 S.E.2d 396, 397 (1971). Directed verdict in a negligence case is rarely proper because it is the duty of the jury to apply the test of a person using ordinary care. *See Smith v. Wal-Mart*; *Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987). Likewise, directed verdict is rarely appropriate in determining contributory negligence and should only be allowed when the "plaintiff's evidence, considered in the light most favorable to him, together with inferences favorable to him that may reasonably be drawn therefrom, so clearly establishes the defense of contributory negligence that no other conclusion can reasonably be drawn." *Smith v. Wal-Mart*, 128 N.C. App. at 286, 495 S.E.2d at 151 (quoting *Peeler v. Southern Railway Co.*, 32 N.C. App. 759, 760, 233 S.E.2d 685, 686 (1977)). When more than one interpretation of the facts is possible, the issues of negligence and contributory negligence are matters to be decided by a jury. *See Maness v. Fowler-Jones Constr. Co.*, 10 N.C. App. 592, 598, 179 S.E.2d 816, 819, *cert. denied*, 278 N.C. 522, 180 S.E.2d 610 (1971); *Smith v. Wal-Mart*.

In the case at bar, the record is unclear as to whether the trial court granted Food Lion's motion for a directed verdict because Ms. Stallings did not show that Food Lion was negligent or because it found as a certainty that she was contributorily negligent. We will address each possibility in turn.

First, regarding Ms. Stallings' case of negligence, the record reveals that there are factual questions as to whether Food Lion properly warned her about the dangerous condition it had created. The parties presented conflicting evidence as to whether Ms. Stallings could see the bucket, whether she could see the mopper over the produce table, and whether a yellow warning cone on one side of the table should have alerted her to a wet floor on the other side. The resolution of these factual issues is a job for the jury.

Next, regarding Food Lion's claim of contributory negligence, we again note the controverted evidence regarding what Ms. Stallings actually saw or should have seen in the exercise of ordinary care. After reviewing the videotape of the fall, we cannot say as a matter of law that the cone, bucket and mopper should have been noticed by a reasonably prudent person exercising ordinary care. Again, the resolution of these factual issues and the application of the reasonably prudent person test are matters for a jury.

Food Lion strenuously argues that Ms. Stallings must have seen the warnings or at least would have seen them if she were careful;

however, because there is conflicting evidence, the resolution of the facts is a matter for a jury, not the court. Since it is the province of a jury to decide issues of negligence and contributory negligence when the evidence is inconclusive, the trial court erred when it granted directed verdict for Food Lion.

In sum, we conclude that Ms. Stallings is entitled to a new trial on both procedural and substantive grounds.

Reversed and remanded.

Judges GREENE and FULLER concur.