***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The following documents were admitted into evidence by agreement of the parties as:
 EXHIBITS
1. Defendant's Exhibit #1: Plaintiff's medical records.
2. Defendant's Exhibit #2: Investigative Reports.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated at Craven Correctional Institution (hereinafter "CTI") on 20 June 1999. Plaintiff had been a resident at CTI for approximately one week on this date.
2. Plaintiff testified that several showers were located in his residential cellblock. The shower stalls are three to four feet wide and have a water head at the rear of the shower stall pointing forward. The shower stalls have no curtains. The shower floor has a front lip that rises less than one-half inch from the cellblock floor. Plaintiff testified that the showers permitted water to flow onto the floors.
3. Plaintiff contends that he was walking out of the cellblock to descend a flight of stairs when he slipped in water and fell some twenty feet down the stairs. Plaintiff signed a statement related to the NCDOC investigation on 23 June 1999 consistent with his testimony.
4. Other inmates or Correction Officers did not witness plaintiff's incident.
5. Plaintiff testified the water causing his fall came from a shower stall at the end of the hallway. Plaintiff admitted that he was aware that the shower next to his cell had the same problem with water spilling onto the floor. He had not reported the problem.
6. Corrections Officer M. Carver was on duty at the time of plaintiff's incident and arrived within two minutes of the occurrence. Officer Carver inspected the floor and stairs and found no water that could have caused plaintiff's fall.
7. Plaintiff was rendered momentarily unconscious. He sustained a closed head injury and trauma to his back and hip. Plaintiff received appropriate medical care for his injuries, but left CTI on 19 July 1999, for legal proceedings in the General Court of Justice. He returned to the NCDOC at Central Prison. There he received physical therapy for his back.
8. In August 1999, plaintiff was transferred to another NCDOC unit. Since that time, plaintiff has been using a topical gel with moist heat for his back, even though he testified that he has consistent pain. NCDOC medical records reveal that plaintiff has not sought continued medical treatment.
9. Beyond the convictions that have led to plaintiff's incarceration, NCDOC successfully impeached plaintiff's credibility as a witness. During testimony at the hearing before the Deputy Commissioner, plaintiff denied having any back problems prior to 20 June 1999. Plaintiff was admitted to CTI on 11 June 1999. A physical assessment performed at the time indicates that plaintiff reported a history of low back problems.
10. The greater weight of the evidence fails to prove that plaintiff's incident on 20 June 1999 was the result of water on the floor. Plaintiff's contention that errant water from a shower caused his fall is unconvincing as a Correction Officer arriving on the scene within two minutes of the incident inspected the area and found no water present. Plaintiff's unsupported testimony is inadequate to meet the applicable burden of proof.
11. Assuming arguendo that water was on the floor and resulted in plaintiff's fall, there was no evidence introduced that plaintiff did not or should not have seen the water and avoided it. The undisputed evidence is that plaintiff was aware prior to the date of the accident that the showers on his cellblock permitted escape of water onto the floors.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that his fall on 20 June 1999 was the result of negligence by any NCDOC agent or employee. N.C. Gen. Stat. § 143-291.
2. Assuming arguendo that NCDOC was negligent by failing to have curtains installed to prohibit water from collecting on the floor, plaintiff was contributorily negligent in that he was aware that water escaped from the shower stalls and the evidence establishes that plaintiff knew that water collected on the floor from shower stalls and that in exercising ordinary care for his own safety he could see or should have seen the water on the floor and provided for his own safety.Stallings v. Food Lion, Inc., 141 N.C. App. 135, 539 S.E.2d 331 (2000) (Person who can understand and avoid a known danger, but fails to do so, is chargeable with contributory negligence.) Contributory negligence is an absolute bar to plaintiff's claim. N.C. Gen. Stat. § 143-291.
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim against the NCDOC for the incident of 20 June 1999 must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of June, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN