DEBORAH FREEMAN, Plaintiff v. FOOD LION, LLC, BUDGET SERVICES, INC., and FRANK'S FLOOR CARE, Defendants

No. COA04-1570

(Filed 6 September 2005)

1. **Appeal and Error— preservation of issues—failure to raise issue in complaint**

    Although plaintiff contends the trial court erred in a premises liability case by entering summary judgment in favor of defendants when there was a genuine issue of material fact as to whether the person who injured her was an employee, agent, or independent contractor of defendants, this issue is dismissed because plaintiff failed to raise this issue in her complaint or to base her theory of recovery from defendants on vicarious liability.

2. **Premises Liability— open and obvious danger—summary judgment—failure to allege agents**

    The trial court did not err in a premises liability case by granting summary judgment in favor of two of the defendants even though plaintiff contends the danger created by the high-speed buffing machine that caused her injury was not so open or obvious that as a matter of law defendants were relieved of their duty to protect visitors from or to warn visitors about such a dangerous condition, because: (1) these defendants did not own or operate the store in which plaintiff's injury occurred; and (2) plaintiff failed to allege in her complaint that either of these two defendants were agents of defendant grocery store.

**3. Premises Liability— duty to keep premises safe and warn of hidden dangers—summary judgment—genuine issue of material fact**

>   The trial court erred by granting summary judgment in favor of defendant grocery store in plaintiff's action to recover for injuries received when she was struck by a buffer machine in the store because: (1) defendant as owner and operator of the store owed a duty to plaintiff to keep its premises safe and to warn her of any hidden dangers on its premises; and (2) there was more than one inference that could be drawn from the facts presented on the issues of negligence and contributory negligence.

Appeal by plaintiff from orders entered 30 August 2004 and 31 August 2004 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 16 June 2005.

*Washington & Pitts, P.L.L.C., by Marshall B. Pitts, Jr., for the plaintiff-appellant.*

*Stephenson & Stephenson, LLP, by Dena White Waters, for Budget Services, Inc. and Frank's Floor Care, defendants-appellees.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Julie L. Bell and Lori P. Jones, for Food Lion, LLC, defendant-appellee.*

JACKSON, Judge.

On 22 December 2000, Deborah Freeman ("plaintiff") was a patron at Delhaize America, Inc. ("Food Lion") in Fayetteville, North Carolina. At approximately 11:30 p.m., plaintiff was walking in one of the store aisles when she was struck by a buffer machine being operated by an individual wearing headphones. The buffer machine ran over plaintiff's right foot entangling it in the machine and causing serious and permanent injury to it. There were orange cones located at the front of the grocery store that allegedly had been knocked down by John Robinson ("Robinson"), a person hired by Amron Janitorial to service the Food Lion store floors. However, there were no caution signs, warning signs, hazard signs, or orange cones on the aisle in which plaintiff was walking when the buffer machine ran over her foot. No store managers were on duty at the time of the accident. Plaintiff filled out an accident report form but received no copy of the report.

FREEMAN v. FOOD LION, LLC

[173 N.C. App. 207 (2005)]

On 18 December 2003, plaintiff filed a complaint against (1) Food Lion, the owner and operator of the store in which she was injured; (2) Budget Services, who contracted with Food Lion to maintain the floors of the Food Lion store; (3) Frank's Floor Care, who contracted with Budget Services to maintain the floors of Food Lion; and (4) Amron Janitorial, who contracted with Budget Services to maintain the floors of Food Lion and who hired Robinson[1] to operate the buffer machine that subsequently injured plaintiff. Plaintiff sought to recover compensatory damages in excess of ten thousand dollars ($10,000.00) from each of defendants.

On 22 July 2004, defendant Food Lion moved for entry of summary judgment. On 16 August 2004, approximately three weeks later, defendants Budget Services and Frank's Floor Care also filed a joint motion for summary judgment. Defendants Food Lion, Budget Services, and Frank's Floor Care supported their motions for summary judgment with an affidavit executed by Robinson.

On 23 August 2004, the trial court heard arguments in support of the summary judgment motions in the instant case. On 26 August and 31 August 2004, the trial court entered two separate orders, one granting summary judgment in favor of Food Lion and the other granting summary judgment in favor of Budget Services and Frank's Floor Care. Plaintiff appeals from these two orders.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Roumillat v. Simplistic Enter., Inc.*, 331 N.C. 57, 62, 414 S.E.2d 339, 342 (1992); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

The movant has the burden of showing that there are no triable issues that exist. *Id.* at 62-63, 414 S.E.2d at 341-42 (citing *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985)); see also *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

> The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

---

1. Robinson was dismissed voluntarily from the case due to plaintiff's inability to effectuate service of process on him.

*Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342 (citing *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E.2d 795 (1974)). After the moving party satisfies its burden of proof, the nonmovant then must " 'produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial.' " *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342 (quoting *Collingwood v. General Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

It is well-established that upon examining whether a movant should be granted summary judgment, "[a]ll inferences of fact must be drawn against the movant and in favor of the nonmovant." *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342 (citing *Collingwood*, 324 N.C. at 66, 376 S.E.2d at 427). While all inferences are drawn in favor of the nonmovant, however, "it is only after it becomes clear to the court that the facts are established or admitted, and the issue of negligence has been reduced to a mere question of law that courts should grant such extreme remedies." *Osborne v. Annie Penn Mem'l Hosp., Inc.* 95 N.C. App. 96, 99, 381 S.E.2d 794, 796 (1989) (citing *Kiser v. Snyder*, 17 N.C. App. 445, 194 S.E.2d 638, *cert. denied*, 283 N.C. 257, 195 S.E.2d 689 (1973)).

[1] Plaintiff contends the trial court erred by entering summary judgment in favor of defendants, Food Lion, Budget Services, and Frank's Floor Care because there existed genuine issues of material fact. Specifically, plaintiff asserts that there were genuine issues as to whether the person who injured her was an employee, agent, or independent contractor of defendants. Plaintiff alleges in her brief that Robinson should be considered an agent of defendants—not an independent contractor—and therefore defendants should be held vicariously liable for her injuries.

Generally, employers are not held vicariously liable for the negligent acts of an independent contractor. *Gordon v. Garner*, 127 N.C. App. 649, 658, 493 S.E.2d 58, 63 (1997), *disc. rev. denied*, 347 N.C. 670, 500 S.E.2d 86 (1998). However, plaintiff failed to raise the issue of whether Robinson was an agent, employee, or independent contractor of defendants in her complaint or base her theory of recovery from Food Lion, Budget Services, or Frank's Floor Care on vicarious liability. Therefore, we conclude that whether or not plaintiff can hold Food Lion, Budget Services, or Frank's Floor Care vicariously liable is not an issue properly before this Court. *See Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("the law does not permit parties to swap horses between courts in order to get a better mount

FREEMAN v. FOOD LION, LLC

[173 N.C. App. 207 (2005)]

in . . . [this Court]"); *Ellis-Don Const., Inc., v. HNTB Corp.*, 169 N.C. App. 630, 632, 610 S.E.2d 293, 295 (2005) ("We limit our review to those arguments asserted in the pleadings before the trial court and properly preserved for review."); N.C. Gen. Stat. § 1A-1, Rule 12(b) (6) (2004). Accordingly, this assignment of error is overruled.

[2] Plaintiff next asserts that the trial court erred by granting summary judgment in favor of defendants Food Lion, Budget Services, and Frank's Floor Care because the danger created by the high-speed buffing machine was not so open or obvious that, as a matter of law, defendants were relieved of their duty to protect visitors from, and to warn visitors about, such a dangerous condition.

It is not this Court's intention to place on owners and occupiers of land an "unwarranted burden[] in maintaining their premises. Rather, we impose upon them only the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998). Therefore, failure by "[a] store . . . to exercise ordinary care to keep its premises in a reasonably safe condition and to warn of any hidden dangers of which it knew or should have known" constitutes negligence. *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 137, 539 S.E.2d 331, 333 (2000) (citing *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990); *Roumillat*, 331 N.C. 57 at 64, 414 S.E.2d at 342-43)). There is a presumption, however, that a reasonable person will be "vigilant in the avoidance of injury" when faced with a "known and obvious danger." *Id.* (quoting *Roumillat*, 331 N.C. at 66, 414 S.E.2d at 344); *see Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 162-63, 516 S.E.2d 643, 646-47 (1999) ("As a general proposition, there is no duty to protect a lawful visitor against dangers which are either known to him or so obvious and apparent that they reasonably may be expected to be discovered.")[2]

In the instant case, plaintiff contends that "Food Lion, its agents and anyone performing a service contract at Food Lion were under a duty to exercise reasonable care to provide for [plaintiff's] safety while she was lawfully on its premises.

Because neither Budget Services nor Frank's Floor Care owned nor operated the store in which plaintiff's injury occurred and be-

---

2. "Although this 'no duty' rule for obvious dangers bears a strong resemblance to the doctrine of contributory negligence, . . . it in fact negates the defendant's duty of care and eliminates any occasion for reliance on the defense of contributory negligence." *Lorinovich*, 134 N.C. App. at 163 n.1, 516 S.E.2d at 647 (internal quotation omitted) (internal citation omitted).

cause plaintiff has failed to allege in her complaint that Budget Services or Frank's Floor Care were agents of Food Lion, we hold that they had no duty to plaintiff and that, therefore, they may not be held liable under a theory of premises liability. Accordingly, we proceed forward addressing the issue of whether the trial court erred in granting summary judgment in favor of only defendant Food Lion on the issue of premises liability.

[3] In the instant case, Food Lion, as owner and operator of the store in which plaintiff was injured, owed a duty to plaintiff to keep their premises safe and to warn her of any hidden dangers on their premises. Based on the "pleadings, depositions, answers to interrogatories, and admissions on file" there was more than one inference that could be drawn from the facts presented. *Roumillat*, 331 N.C. at 57, 414 S.E.2d 339. These genuine issues of material fact should have been submitted for resolution by the jury—not this Court, *id.* at 139, 539 S.E.2d at 334—such as whether (1) Food Lion properly warned plaintiff about the cleaning service buffing the floor nearby; (2) Food Lion failed to use ordinary care in providing a safe premise for plaintiff to shop; (3) plaintiff contributed to her own injury by failing to exercise the use of ordinary care; (4) the buffer machine presented an obvious danger to plaintiff; and (5) a reasonably prudent person exercising ordinary care would have, and should have, noticed the buffer prior to the collision and avoided the dangers of such machinery. When considered in the light most favorable to plaintiff, we decline to grant defendant Food Lion in this case an extreme or drastic remedy such as summary judgment.

Accordingly, there were genuine issues of material fact pertaining to defendant Food Lion's negligence and plaintiff's duty to exercise ordinary care and the trial court erred in precluding plaintiff and defendant from submitting those issues to the jury. Therefore, we reverse and remand this issue to the trial court for additional findings consistent with this opinion.

Affirmed in part; Reversed and remanded in part.

Judges HUDSON and STEELMAN concur.