JAMES CREECH HERRING, Plaintiff v. FOOD LION, LLC, Defendant

No. COA05-202

(Filed 20 December 2005)

### 1. Evidence— employee handbook—authentication

The trial court did not err in a slip and fall case by admitting defendant company's employee handbook into evidence, because: (1) N.C.G.S. § 8C-1, Rule 901(a) provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims; and (2) the testimony of the store manager for defendant company was sufficient to support a finding that the document produced by plaintiff was a copy of defendant's employee handbook in effect at the time of plaintiff's accident.

### 2. Premises Liability— fall in grocery store—negligence by store owner—sufficiency of evidence

Plaintiff customer's evidence was insufficient for the jury in an action to recover for injuries plaintiff received when he fell over a stock cart in defendant's grocery store where plaintiff produced no evidence as to who left the stock cart in the position which caused plaintiff to fall and no evidence that defendant failed to correct a dangerous condition after it received actual or constructive notice of the condition.

Judge HUNTER concurring in part and dissenting in part.

HERRING v. FOOD LION, LLC

[175 N.C. App. 22 (2005)]

Appeal by defendant from order entered 6 August 2004 by Judge Russell J. Lanier, Jr., in Lenoir County Superior Court. Heard in the Court of Appeals 21 September 2005.

*White & Allen, P.A., by Gregory E. Floyd, for plaintiff-appellee.*

*Poyner & Spruill LLP, by Timothy W. Wilson, for defendant-appellant.*

TYSON, Judge.

Food Lion, LLC ("defendant") appeals from order entered setting aside an earlier order granting directed verdict in favor of defendant and granting James Creech Herring's ("plaintiff") motion for a new trial. We affirm in part and reverse in part.

## I. Background

On 6 February 2003, plaintiff filed a complaint against defendant in Lenoir County Superior Court alleging he had sustained serious physical injuries as a result of defendant's negligence. Plaintiff's case was tried on 23 and 24 March 2004. Plaintiff presented evidence tending to show that on 3 March 2000, he sustained injuries while shopping at defendant's grocery store located in Snow Hill, North Carolina. Plaintiff testified he pushed a shopping cart down one or two aisles of the store and parked his cart by the meat counter, while he walked over to a display of two-liter soft drinks located at the end of the aisle. Plaintiff selected a bottle from the rear of the display and turned to return to his shopping cart, which remained parked by the meat counter. Plaintiff stated,

> When I took a step, I hit the edge of the [stock cart] . . . which I did not see. I hit the edge of it and I started to fall and it just took the skin off the front of my shin on my right leg so I didn't put my knee down or anything to try to break the fall. All the weight went on my hands.

The stock cart was empty, and its base was slightly lower than plaintiff's knee. Plaintiff described the stock cart as "four and a half feet long, maybe 17, 18 inches wide with—it had end posts that stuck up . . . They were rounded and I'd say they were maybe four and a half feet high . . . ."

In order to illustrate his testimony, plaintiff submitted photographs of a stock cart substantially similar to the one upon which he was injured. Plaintiff testified that the stock cart was not "anyplace

HERRING v. FOOD LION, LLC

[175 N.C. App. 22 (2005)]

around that [he] noticed" as he approached the soft drink display. Plaintiff testified he never observed the stock cart near the end of the aisle before he fell. In plaintiff's opinion as he approached the end display, the stock cart was "in-between two displays and the ends were up against or very close to the end of these displays . . . so they were hidden." When plaintiff turned away from the soft drink display to return to his shopping cart, he asserts the stock cart must have been directly behind him. Plaintiff testified he had no opportunity to see the stock cart before he tripped on it.

As a result of his fall, plaintiff suffered a shoulder impingement ultimately requiring surgery. No one was tending the stock cart at the time of plaintiff's injury, but one of defendant's employees, believed to be Carlos Gurley ("Gurley"), was standing nearby and allegedly witnessed plaintiff's fall. Plaintiff left the store following his accident and did not contact defendant regarding the incident until after he learned his injury was serious and would result in permanent disability. Plaintiff spoke with the manager for defendant of the store, John Ashworth ("Ashworth"), and informed him of the accident. Ashworth told plaintiff that Gurley no longer worked at the store and that no incident report had been filed for the accident. Plaintiff never located Gurley, and he did not testify at trial.

Benjamin Metz ("Metz"), the current manager for defendant of the store where plaintiff was injured, testified regarding defendant's employee handbook. The handbook, which was required to be distributed to all employees, contained the following statements:

STATEMENT OF POLICY

The safety of our employees and customers is an important priority at Food Lion. Employees must share in the responsibility by obeying established safety rules and being alert for unsafe working conditions. No manager or employee may be relieved of his or her part of this responsibility.

. . . .

Do not commit an unsafe act which might result in injury to yourself or another person. Be alert to the presence of other people to avoid accidentally injuring someone.

. . . .

Report any unsafe conditions or practices to your manager immediately.

**HERRING v. FOOD LION, LLC**

[175 N.C. App. 22 (2005)]

Report all accidents of any kind to your manager at once. If the accident results in an injury, regardless of how slight the injury may seem, it must be reported without delay.

. . . .

Don't leave containers such as cartons, baskets, and other stock carriers unattended in aisles. Empty them promptly and return them to their proper place.

. . . .

Stock trucks and carts should be loaded to pass through aisles or doorways with ease. Unattended or empty trucks and carts should be placed out of the way.

. . . .

Notify the Store Manager or person in charge of the store of accidents immediately.

Metz testified that all of the stock carts within defendant's store are owned by defendant and that defendant is responsible for their use and placement within the store. At the close of plaintiff's evidence, defendant moved for a directed verdict. The trial court granted defendant's motion by order dated 5 April 2004.

Plaintiff filed a motion for a new trial and argued the trial court erred in granting defendant's motion for directed verdict. Upon review of plaintiff's motion for a new trial, the trial court determined defendant's motion for directed verdict had been improperly granted. The trial court entered an order setting aside the 5 April 2004 order and granted plaintiff's motion for a new trial. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) granting plaintiff's motion for a new trial after it had previously granted defendant's motion for directed verdict; and (2) admitting into evidence defendant's employee handbook.

## III. Motion for New Trial

Plaintiff's motion for a new trial asserted the trial court erred in granting defendant's motion for directed verdict. Defendant asserts the trial court properly granted its motion for directed verdict because plaintiff presented insufficient evidence that defendant: (1) negligently created the condition leading to plaintiff's injury; or

(2) negligently failed to remove the stock cart after actual or constructive notice of its existence. To determine whether the trial court erred in granting plaintiff's motion for a new trial, we must determine whether the trial court erred in granting defendant's motion for directed verdict.

### IV. Motion for Directed Verdict

The standard of review for a motion for directed verdict is whether the evidence, considered in a light most favorable to the non-moving party, is sufficient to be submitted to the jury. *Di Frega v. Pugliese*, 164 N.C. App. 499, 505, 596 S.E.2d 456, 461 (2004) (citation omitted). A motion for directed verdict should be denied if more than a scintilla of evidence supports each element of the non-moving party's claim. *Clark v. Moore*, 65 N.C. App. 609, 610, 309 S.E.2d 579, 580-81 (1983) (citation omitted). This Court reviews a trial court's grant of a motion for directed verdict *de novo. Denson v. Richmond Cty.*, 159 N.C. App. 408, 411-12, 583 S.E.2d 318, 320 (2003). The trial court properly granted defendant's motion for directed verdict.

### V. Employee Handbook

[1] Defendant argues the trial court erred in admitting the employee safety handbook into evidence. Defendant contends plaintiff failed to properly authenticate the document before offering it into evidence. We disagree.

Metz, the store manager for defendant, testified that he obtained a copy of the employees' handbook effective in March 2000, the time of plaintiff's injury. Metz identified the document produced by plaintiff as defendant's employee handbook. Metz testified that it was the same handbook required to be distributed to all employees. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C. Gen. Stat. § 8C-1, Rule 901(a) (2003). We conclude Metz's testimony was sufficient to support a finding that the document produced by plaintiff was a copy of defendant's employee handbook in effect at the time of plaintiff's accident. This assignment of error is overruled.

### VI. Duty to Lawful Visitors

[2] Owners and occupiers of land in this State owe "the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507

S.E.2d 882, 892 (1998), *reh'g denied,* 350 N.C. 108, 533 S.E.2d 467 (1999). Where a plaintiff customer slips or falls on an object and is injured in a retail establishment, the "plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enterprises, Inc.,* 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992) (citing *Hinson v. Cato's, Inc.,* 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967)).

## A. Negligence

Here, plaintiff produced no evidence that defendant, its agent, employees, or contractors, negligently placed the stock cart in a position that would cause plaintiff to become injured. *Id.* Plaintiff failed to produce any evidence that any of defendant's employees breached any of defendant's safety rules by leaving the stock cart unattended in plain view in the aisle. No evidence whatsoever was presented regarding *who* left the stock cart in the position which caused plaintiff to fall, *when* it was placed there, or *how long* it remained.

Defendant's evidence tended to show that vendors, such as Pepsi, Coca-Cola, and Frito Lay, are permitted to use stock carts owned by defendant. Based on plaintiff's evidence, the jury could only speculate who left the stock cart in a position causing plaintiff to fall, whether it be an employee, a vendor, or another customer, and how long it remained there. "Cases are not to be submitted to a jury on speculations, guesses, or conjectures . . . [P]roof of negligence must rest on a more solid foundation that mere conjecture." *Id.* at 69, 414 S.E.2d at 345 (citations omitted).

## B. Notice

Plaintiff also presented no evidence that defendant failed to correct a dangerous condition after it received actual or constructive notice of the condition. *Id.* at 64, 414 S.E.2d at 342-43. This case can be distinguished from cases in which courts of this State have held a defendant retail store to have constructive notice of a dangerous condition. Evidence that the dangerous condition existed for some period of time prior to the fall may create an inference of constructive notice. *Furr v. K-Mart Corp.,* 142 N.C. App. 325, 327, 543 S.E.2d 166, 168 (2001). In *Furr,* the plaintiff slipped in a K-Mart store on liquid detergent that had leaked from a container down the side of the shelving structure and onto the floor. *Id.* at 328, 543 S.E.2d at 169. The

plaintiff presented evidence that the detergent on the shelving structure had dried and become pink at the time of his fall. *Id.* This Court held that evidence to be "sufficient to raise an inference that the liquid detergent had been leaking for such a length of time that defendant should have known of its existence in time to have removed the danger or to have given proper warning of its presence." *Id.* Similarly, in *Long v. Food Stores,* our Supreme Court held that evidence of grapes on the floor that were "full of lint and dirt" was sufficient to show that the store owner had knowledge of their presence. 262 N.C. 57, 61, 136 S.E.2d 275, 278-79 (1964).

Here, plaintiff presented no evidence to raise an inference the stock cart had been left in its position for some period of time prior to his fall to place defendant on notice. Plaintiff testified that he did not know how the stock cart got there and did not see the stock cart before falling over it. Plaintiff also testified that after he fell, he looked up and saw one of defendant's employees, who worked in the meat department, speaking with an elderly lady "on the other side of the display." Plaintiff presented no evidence whether this or another employee had seen or should have seen the cart before plaintiff fell. Plaintiff also presented no evidence of how long the stock cart had been present in that position before he fell. Plaintiff testified the cart made "creaking" noises as it moved.

Without plaintiff offering sufficient evidence, the jury would have to speculate about: (1) who placed the stock cart in that location; (2) the amount of time the stock cart had been placed there; (3) whether any of defendant's employees saw it; (4) whether any of defendant's employees should have seen it and recognized the danger; and (5) whether any of defendant's employees had time to move the stock cart or warn plaintiff before he fell.

> It seems to be universally held that the *res ipsa loquitur* doctrine is inapplicable in suits against business proprietors to recover for injuries sustained by customers or invitees in falls during business hours on floors and passageways located within the business premises and on which there is litter, debris, or other substances.

> No inference of negligence on the part of defendant arises *merely* from a showing that plaintiff, a customer in defendant's store during business hours, fell and sustained an injury in the store.

*Long,* 262 N.C. at 60-61, 136 S.E.2d at 278 (internal citations omitted).

**HERRING v. FOOD LION, LLC**

[175 N.C. App. 22 (2005)]

To hold defendant liable in this case would be to effectively make defendant an insurer and held to be strictly liable for any torts committed by a third person while in defendant's store. A purported and unproven breach of a property owner's or tenant's internal safety policy or manual is not evidence of a breach of a duty by defendant to any plaintiff who is injured on defendant's premises, even though a breach may have been caused by a third-party. North Carolina only imposes strict liability upon owners and occupiers of real property for injuries caused by possessing wild animals or "vicious" domestic animals and engaging in "abnormally dangerous activities." Charles E. Daye & Mark W. Morris, *North Carolina Law of Torts* § 20.10, 411 (1999). The trial court properly granted directed verdict for defendant.

## VII. Conclusion

The trial court did not err by admitting defendant's employee handbook into evidence. Plaintiff presented insufficient evidence to support his negligence claim against defendant. The trial court properly granted defendant's motion for directed verdict. On *de novo* review, the trial court erred by setting aside its previous order granting directed verdict in favor of defendant and granting plaintiff's motion for a new trial.

Affirmed in part, Reversed in part.

JUDGE STEELMAN concurs.

JUDGE HUNTER concurs in part, dissents in part.

HUNTER, Judge, concurring in part and dissenting in part.

I agree with the majority that the trial court did not err in admitting the employee handbook into evidence. I do not agree, however, that the trial court erred in granting plaintiff's motion for a new trial.

"A store has a duty to exercise ordinary care to keep its premises in a reasonably safe condition and to warn of any hidden dangers of which it knew [or] should have known." *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 137, 539 S.E.2d 331, 333 (2000); *Kremer v. Food Lion, Inc.*, 102 N.C. App. 291, 294, 401 S.E.2d 837, 838-39 (1991) (stating that "[t]he owner of a store is not an insurer of its customer's safety but is under a duty to exercise ordinary care in keep-

ing the store's aisles and passageways reasonably safe so as not to unnecessarily expose customers to danger"). Failure to do so constitutes negligence. *Freeman v. Food Lion, LLC*, 173 N.C. App. 207, 211, 617 S.E.2d 698, 701 (2005). Moreover, it is well established in North Carolina that the breach of a voluntarily-adopted safety rule may constitute evidence of a defendant's negligence. *Thompson v. Wal-Mart Stores, Inc.*, 138 N.C. App. 651, 656, 547 S.E.2d 48, 51 (2000).

On a motion by a defendant for a directed verdict at the close of the plaintiff's evidence in a jury case, the evidence must be taken as true and considered in the light most favorable to the plaintiff. *Stallings*, 141 N.C. App. at 137-38, 539 S.E.2d at 333. The plaintiff must be given the benefit of every reasonable inference which may legitimately be drawn from the evidence, with conflicts, contradictions, and inconsistencies being resolved in the plaintiff's favor. *Hornby v. Penn. Nat'l Mut. Casualty Ins. Co.*, 62 N.C. App. 419, 422, 303 S.E.2d 332, 334 (1983). A directed verdict is not properly allowed unless it appears that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence tends to establish. *Willis v. Russell*, 68 N.C. App. 424, 427, 315 S.E.2d 91, 94 (1984). "Directed verdict in a negligence case is rarely proper because it is the duty of the jury to apply the test of a person using ordinary care." *Stallings*, 141 N.C. App. at 138, 539 S.E.2d at 333.

In the instant case, defendant, as owner and operator of the store in which plaintiff was injured, owed a duty to plaintiff to keep its premises safe and to warn him of any hidden dangers on the premises. *Freeman*, 173 N.C. App. at 211, 617 S.E.2d at 701. Further, defendant voluntarily adopted certain safety rules to ensure the safety of all lawful visitors. Most notably, defendant instructed its employees not to leave "stock carriers unattended in aisles." In addition, Metz testified that defendant was responsible for the use and placement of all of the stock carts within defendant's store. Plaintiff testified that the stock cart was unattended when he fell. Thus, notwithstanding the majority's assertion to the contrary, there was evidence from which the jury could find that defendant violated its own safety rule by leaving the stock cart unattended, which in turn would constitute some evidence of defendant's breach of the standard of care. *Thompson*, 138 N.C. App. at 656, 547 S.E.2d at 51. Even if a vendor or other third party placed the stock cart behind plaintiff, the jury could nevertheless find defendant negligent in leaving the stock cart unattended and in a position where anyone could push it behind plaintiff.

**HERRING v. FOOD LION, LLC**

[175 N.C. App. 22 (2005)]

Plaintiff testified that, as he approached the soft drink display, the stock cart was not "anyplace around that [he] noticed." The evidence showed that the stock cart was quite large, at least as long as the soft drink display at the end of the aisle, and with end posts four and a half feet high. When plaintiff turned away from the drink display, the low, unloaded stock cart was then directly behind him where he could not see it. This evidence contradicts the majority's assertion that plaintiff presented "no evidence of how long the stock cart had been present in that position before he fell." Plaintiff was only at the end aisle long enough to retrieve the soft drink bottle. It would be unreasonable to infer that the stock cart was present in front of the end aisle the entire time and plaintiff simply failed to notice it, as plaintiff would have had to walk around the large stock cart to reach the soft drink display on the end aisle. In the light most favorable to plaintiff, which is the standard we must apply, the jury could reasonably conclude from the evidence that someone placed or pushed the stock cart to its position behind plaintiff while he stood at the display. As plaintiff turned, he immediately struck the stock cart and fell. Although the stock cart was unattended at the time, plaintiff observed one of defendant's employees standing nearby, speaking with a customer, directly after his fall. The employee witnessed plaintiff's injury, but he did not report the accident to management, in violation of store policy. No accident report was made of plaintiff's accident until several months after the incident. Taken in the light most favorable to plaintiff, there was evidence from which the jury could find that defendant failed to adhere to its own safety policies by neglecting to properly supervise the stock cart that caused plaintiff's injury.

As issues of fact existed requiring resolution by a jury, the trial court improperly granted a directed verdict in favor of defendant. A new trial may be granted for "[e]rror in law occurring at the trial[.]" N.C. Gen. Stat. § 1A-1, Rule 59(a)(8) (2003). This Court reviews *de novo* the trial court's granting of a motion for a new trial based upon error of law. *Chiltoski v. Drum*, 121 N.C. App. 161, 164, 464 S.E.2d 701, 703 (1995). The trial court's error of law in granting a directed verdict for defendant supports the trial court's subsequent decision to grant a new trial. I would hold the trial court did not err in granting plaintiff's motion for a new trial.