* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. At the time of hearing before the Deputy Commissioner, plaintiff was 52 years old.
3. Plaintiff alleged that on August 30, 2001, while a student at UNC Pembroke, she tripped and fell over a piece of metal sticking up from a doorway entrance in the Education Building after attending a class there.
4. Plaintiff allegedly fell and landed on her right knee, sustaining injuries to her back, right shoulder, and right leg.
5. Plaintiff testified that she did not see the alleged piece of metal sticking up until after she fell on August 30, 2001. Plaintiff did testify that she was aware of the screws on the door's metal strip allegedly being loose about a week prior to her fall. Plaintiff did not report this matter to anyone in the Education building, or to maintenance staff.
6. Plaintiff was not aware of anyone notifying defendant's maintenance staff that the metal strip was in disrepair or posed a safety risk. Plaintiff walked through this entrance to attend class on multiple occasions prior to her fall.
7. Plaintiff did not present evidence of any applicable standard of operating procedures or maintenance guidelines wherein defendant's employees were required to follow, and how, if at all, such procedures were breached.
8. Plaintiff did not identify or present evidence of the alleged negligent employee who was responsible for maintaining the metal strip.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. It is plaintiff's burden to prove that all the elements of negligence, including that defendant breached a duty of care owed, and that the breach was the proximate cause of plaintiff's injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swann v. Len-Care RestHome, 127 N.C. App. 471, 475, 490 S.E. 2d 572, 575 (1997),rev'd on other grounds, 348 N.C. 68, 497 S.E.2d 282 (1998).
2. Plaintiff must prove each element of negligence against each named negligent employee. N.C. Gen. Stat. § 143-291 (2005), etseq. A claim for negligence under the Tort Claims Act requires plaintiff to prove the same elements as a private individual in a civil suit. Plaintiff must prove the following: (1) that defendant owed plaintiff a duty of care under the circumstances; (2) that actions or omissions by at least one of the named employees of defendant constituted a breach of that duty; (3) that the breach was the actual and proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages. Davidson v.Univ. of N.C. at Chapel Hill, 142 N.C. App. 544, 543 S.E.2d 920
(2001).
3. In order to find defendant negligent in a premisesliability case, plaintiff must prove that defendant either negligently created the condition causing the injury, or defendant negligently failed to correct the condition after actual or constructive notice of its existence. Roumillat v.Simplistic Enterprises, Inc., 331 N.C. 57, 414 S.E.2d 339 (1992)
4. Plaintiff failed to meet her burden of proof on the elements of duty and who allegedly breached that duty. Though plaintiff entered into evidence Defendant's Interrogatory responses listing its maintenance staff, plaintiff failed to produce evidence indicating which employee was responsible for the maintenance and repair of doorways in the Education Building, and more specifically, the doorway where plaintiff allegedly fell.
5. Plaintiff did not present evidence regarding which acts or omissions of a particular maintenance employee caused the metal strip to be broken or neglected. Under the Tort Claims Act, plaintiff must identify the employee alleged to have been negligent and set forth the specific acts or acts of negligence relied upon. Ayscue v. N.C. State Hwy Comm'n, 270 N.C. 100,153 S.E.2d 823 (1967); Brooks v. University of N.C.,2 N.C.App. 157, 162 S.E.2d 616 (1968); N.C. Gen. Stat. §§ 143-291; 143-297. Because plaintiff failed to present evidence on the specific duty owed and how that duty was breached by a particular employee, her claim should be denied.
6. In addition, applying the first Roumillat factor, there was no evidence showing that defendant or its employees negligently created the alleged broken metal strip in the doorway. Plaintiff failed to meet the first Roumillat factor.
7. Assuming the loose strip was caused by third-parties, plaintiff is required to show that defendant had either actual or constructive notice of the alleged broken strip. There was no evidence showing that maintenance staff responsible for the metal strip actually knew of its alleged condition of disrepair. Plaintiff must then prove that defendant had constructive notice of the broken strip.
8. Constructive knowledge of a dangerous condition can be established in two ways: Plaintiff can present direct evidence of the duration of the dangerous condition, or plaintiff can present circumstantial evidence from which the trier of fact may infer that the dangerous condition existed for some time. Thompson v.Wal-Mart Stores, Inc., 138 N.C. App. 651, 547 S.E.2d 48 (2000);Nourse v. Food Lion, Inc., 127 N.C. App. 235, 241,488 S.E.2d 608, 612, aff'd, 347 N.C. 666, 496 S.E.2d 379 (1998). Inferences may be based on circumstantial evidence. Phelps v.City of Winston-Salem, 272 N.C. 24, 28, 157 S.E.2d 719, 722
(1967).
9. Though plaintiff herein testified that the metal strip was loose about a week prior to her fall, there was no evidence that the condition that allegedly caused plaintiff's injury, i.e., the broken strip, was in existence for a sufficiently long period of time. The record shows that knowledge of the alleged broken metal strip did not surface until plaintiff allegedly tripped over it on August 30, 2001.
10. This does not rise to the level of constructive notice sufficient to put defendant on notice that a safety hazard existed.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b), defendant's motion to dismiss plaintiff's claim with prejudice is GRANTED.
2. Both sides shall bear their own costs in this action.
This the 16th day of May 2006
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHARIMAN
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER